UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEFFREY GARDINER,

        Plaintiff,                            CASE NO. 1:10-CV-289

v.

                                          HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## ORDER APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 17)

and Plaintiff Gardiner's Objections to it (docket # 18).  Under the Federal Rules of Civil Procedure,

where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district

judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo

reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE

AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's
> disposition that has been properly objected to.  The district judge may accept, reject,
> or modify the recommended disposition; receive further evidence; or return the
> matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).  De novo review in these circumstances

requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d

1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that the Commissioner of Social Security's

decision to deny Plaintiff's claim for disability insurance benefits be affirmed.  Plaintiff seems to

make a number of objections, although none are clearly presented.  After a de novo review of the record, the Court accepts the Magistrate Judge's Report and Recommendation and orders that the Commissioner's decision be affirmed.

From the outset, the Court notes that the findings of the Administrative Law Judge (ALJ) are supported by substantial evidence in the record.  *See* 42 U.S.C. § 405(g); *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).  Plaintiff's objections to the contrary are without merit.  Plaintiff's own statements and his *pro se* papers support the ALJ's determination that Plaintiff has a limited education under 20 C.F.R. § 416.964.  Plaintiff catalogues a variety of his medical problems, but the ALJ found that he suffered from several severe impairments, including gastroesophageal reflux disease, vertigo, high blood pressure, diabetes, and atrial fibrillation. Plaintiff appears to believe that the medical examinations performed by the Social Security Administration and the Family Health Center are inadequate, but he has not provided evidence that any further examination or procedure is medically necessary.  Finally, Plaintiff objects to the finding that a significant number of jobs exist in the economy that would accommodate Plaintiff's residual functional capacity and vocational profile.  The ALJ may rely on a vocational expert's response to a hypothetical question that accounts for Plaintiff's limitations, *see Howard v. Commissioner of Soc. Security*, 276 F.3d 235, 239 (6th Cir. 2002), and the hypothetical question in this case was an accurate portrayal of Plaintiff's impairments.  *See* Docket # 8-3, ID # 61.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed May 31, 2011, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.


Dated:     July 14, 2011                        /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE